**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| DOUGLAS B. GRIFFIN, ET AL. | § | |
| | § | |
| vs. | § | CASE NO. 2:10-CV-00306-TJW-CE |
| | § | |
| FEDERAL NATIONAL | § | |
| MORTGAGE ASSOCIATION, INC., ET AL | § | |

**REPORT AND RECOMMENDATION**

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. Pending before the Court is plaintiffs' motion to abstain and to remand this case (Dkt. No. 6). Plaintiffs argue that this Court does not have jurisdiction because the defendant Federal National Mortgage Association, Inc.'s ("Fannie Mae") charter does not confer original federal jurisdiction. Furthermore, plaintiffs contend that the defendants had no reasonable basis for claiming that this Court had jurisdiction, and therefore request that that the Court order appropriate sanctions. The undersigned recommends DENYING the plaintiffs' motion because the "sue and be sued" clause in Fannie Mae's charter confers original subject-matter jurisdiction upon this Court.

**I.     BACKGROUND**

On July 15, 2010, plaintiffs commenced a cause of action in the 115th District Court of Upshur County, Texas. On August 10, 2010, plaintiffs filed their First Amended Petition and added defendant Fannie Mae. Then, on August 20, 2010, Fannie Mae (with the consent of all other defendants) removed plaintiffs' action to this Court under the Court's federal question jurisdiction. Specifically, Fannie Mae removed the action under the premise that federal question jurisdiction exists because Fannie Mae's federal charter grants Fannie Mae the "power to . . . sue and to be sued, and to complain and to defend, in any court of competent jurisdiction,

State or Federal[.]" 12 U.S.C. § 1723a(a). On September 20, 2010, plaintiffs filed this motion to remand.

## II. DISCUSSION

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). After removal, however, "[i]f . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Often, federal question jurisdiction is determined by reference to the well-pleaded complaint rule. According to the well-pleaded complaint rule, unless the plaintiff's complaint establishes that the cause of action arises under federal law, the defendant may not remove the case to federal court. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). The well-pleaded complaint rule, however, applies only to removals asserting statutory "arising under" jurisdiction. 28 U.S.C. § 1331; *see Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 494 (1983). Congress has authorized other grounds for federal jurisdiction, and this case illustrates one example of those.

Fannie Mae's charter authorizes the organization "to sue and be sued, and to complain and to defend, in any court of competent jurisdiction, State or Federal." 12 U.S.C. § 1723a(a). The United States Supreme Court considered a similar – but not identical – "sue and be sued" provision in the charter of the American National Red Cross. *American National Red Cross v. S.G.*, 505 U.S. 247 (1992). In that case, the Supreme Court held that language authorizing the Red Cross "to sue and be sued in courts of law and equity, State or Federal, within the

jurisdiction of the United States," conferred federal subject-matter jurisdiction over cases in which the Red Cross was a party. *Red Cross*, 505 U.S. at 251. Therefore, the Court concluded that the Red Cross is authorized to remove from state to federal court any state-law action it defends. Furthermore, the Court articulated the general principle that "a congressional charter's 'sue and be sued' provision may be read to confer federal court jurisdiction if, but only if, it specifically mentions the federal courts." *Id.* at 255. The Court stated that express reference to federal courts in a federally chartered entity's "sue and be sued" clause was "necessary and sufficient to confer [original] jurisdiction" on federal courts. *Id.* at 252.

Applying the *Red Cross* rule to the present case, the undersigned recommends that the Court conclude that it has federal subject-matter jurisdiction because the Fannie Mae "sue and be sued" provision expressly refers to the federal courts in a manner similar to the Red Cross statute. The Fannie Mae "sue and be sued" provision differs from the Red Cross's provision in one respect – it refers to "any court of competent jurisdiction, State or Federal," whereas the Red Cross provision refers to "courts of law and equity, State or Federal." *Compare* 12 U.S.C. § 1723a(a), with 36 U.S.C. § 300105(a)(5). Despite this difference, the majority of courts that have applied the *Red Cross* rule to Fannie Mae's charter have determined that the charter's "sue and be sued" provision confers federal subject-matter jurisdiction because the provision specifically mentions federal courts. *See, e.g.*, *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust ex rel. Federal Nat. Mortg. Ass'n v. Raines*, 534 F.3d 779 (D.C. Cir. 2008); *Grun v. Countrywide Home Loans, Inc.*, No. Civ.A.SA-03-CA-0141-XR, 2004 WL 1509088, at *2 (W.D. Tex. July 1, 2004); *Connelly v. Fed. Nat'l Mortgage Ass'n*, 251 F. Supp. 2d 1071, 1073 (D. Conn. 2003); *C.C. Port, Ltd. v. Davis-Penn Mortgage Co.*, 891 F. Supp. 371, 372 (S.D. Tex.

1994), *aff'd* 58 F.3d 636 (5th Cir. 1995); *Peoples Mortgage Co. v. Fed. Nat'l Mortgage Ass'n*, 856 F. Supp. 910, 917 (E.D. Pa. 1994).

      A handful of district courts, on the other hand, have reached the conclusion that Fannie Mae's charter does not confer federal subject-matter jurisdiction. *See, e.g.*, *Rincon Del Sol, LLC v. Lloyd's of London*, 709 F. Supp. 2d 517, 525 (S.D. Tex. 2010); *Knuckles v. RBMG, Inc.*, 481 F. Supp. 2d 559, 563 (S.D. W. Va. 2007). These courts reason that applying the *Red Cross* rule to Fannie Mae's charter is problematic because doing so, in their view, renders the words "of competent jurisdiction" superfluous. *Rincon*, 709 F. Supp. 2d at 525; *Knuckles*, 481 F. Supp. 2d at 563. According to these courts, "for the phrase 'any court of competent jurisdiction' to have any meaning it should be read as differentiating between state and federal courts that possess 'competent' jurisdiction, i.e., an independent basis for jurisdiction, from those that do not." *Knuckles*, 481 F. Supp. 2d at 563. The undersigned, however, is not persuaded that applying the *Red Cross* rule to Fannie Mae's charter renders the words "of competent jurisdiction" superfluous. For instance, the words "of competent jurisdiction" help to clarify that, among other things, litigants in state courts of limited jurisdiction must satisfy the appropriate jurisdictional requirements and that litigants, whether in federal or state court, must establish that court's personal jurisdiction over the parties. *See Pirelli Armstrong*, 534 F.3d at 785. As such, the undersigned recommends that the Court find that applying the *Red Cross* rule to the Fannie Mae statute does not render the words "of competent jurisdiction" meaningless.

      In conclusion, the undersigned recommends that the Court conclude that, in accordance with the *Red Cross* rule, Congress intended to provide federal courts original jurisdiction in all cases in which Fannie Mae is a party by specifically referring to federal courts in the Fannie Mae charter.

### III.     CONCLUSION

For the reasons stated above, the undersigned recommends DENYING plaintiffs' motion to abstain and to remand this case.  A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court.  Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

SIGNED this 9th day of December, 2010.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE